IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Diane Fellman,               )<br>            Petitioner,         )<br>     vs.                          )<br>Dawn Davison, Warden,  )<br>            Respondent.      )<br>_____) | No. C 10-1101 CRB<br><br>ORDER TO SHOW CAUSE |

Petitioner, a state prisoner incarcerated at the California Institution for Women, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner was convicted by a jury in the Superior Court of the State of California in and for the County of Santa Clara of first-degree murder.  She was sentenced to a prison term of 25 years to life, plus a two-year enhancement for gun use.  Petitioner unsuccessfully appealed her conviction to the California Court of Appeal.  Petitioner also appears to have exhausted her state remedies.

//

**DISCUSSION**

A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.   Claims

Petitioner seeks federal habeas corpus on the grounds of prosecutorial misconduct in violation of her due process rights. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.   Respondent shall file, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.

If petitioner wishes to respond to the answer, she shall do so within 30 days of his receipt of the answer.

2.   Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall submit an opposition or statement of non-opposition within 30

//

//

2

1  //

2  days of receipt of the motion, and respondent shall file a reply within 15 days of

3  receipt of any opposition.

4  SO ORDERED.

5  DATED: April 29, 2010

                              _____
6                              CHARLES R. BREYER
                              United States District Judge

G:\CRBALL\2010\1101\OSC.54.wpd                    3